UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CR-93 |
| | ) | |
| vs. | ) | |
| | ) | |
| KENDRICK MAJORS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The United States has filed a Motion for Review of Release Order and Stay, [Doc. 7], seeking revocation of a release order entered by the United States Magistrate Judge in the Middle District of Tennessee. This matter is before the Court pursuant to 28 U.S.C. § 636(b) and by order of reference for a report and recommendation.

Defendant was arrested in the Middle District of Tennessee and appeared for an initial appearance and detention hearing on July 25, 2023. [Docs. 21-1, 21-7, 21-8]. United States Magistrate Judge Jeffery S. Frensley found it appropriate to release Defendant. The United States asked that this Court review and revoke Magistrate Judge Frensley's order releasing Defendant, asserting that Defendant is both a risk of flight and a danger to the community.

After Defendant was ordered released from federal custody by Judge Frensley, the United States Marshals Service determined that Defendant had a state court hold in place based upon an alleged probation violation and he was transferred to the Wilson County Detention Center. As such, Defendant would still simply return to state custody if this Court recommended affirming Judge Frensley's release order, and the District Court found it appropriate to affirm that recommendation.

On August 21, 2023, Defendant appeared before the undersigned for an initial appearance in the Eastern District of Tennessee. At that time, the issue of detention was not further addressed. However, on August 24, 2023, during a scheduling conference in which Defendant's counsel was present, the Court raised the issue of the United States pending appeal of Judge Frensley's release order. At that time, defense counsel requested that he be permitted to withdraw a request for Defendant to be released at this time but also be permitted to retain the right to request a detention hearing in the future if Defendant became eligible for release through the state court system. The United States did not object to the proposed course of action. This Court recommends that Defendant's request be granted, recognizing that regardless of whether the Court were to address the United States's pending Motion via a Report and Recommendation or address the issue of detention at a later date, a hearing on the issue would be required. Given that Defendant may not become eligible for release at all through the state court while this federal case is pending, a need for a hearing may be altogether obviated. As such, by granting the request made by Defendant's counsel, judicial resources will be conserved.

Accordingly, the Court **RECOMMENDS** that Defendant be permitted to withdraw his request for release at this time and reserve the right to later request a detention hearing and, as a result, that the order releasing Defendant be vacated. The Court further **RECOMMENDS** that the Government's Motion [Doc. 7] then be **DENIED as moot**.

Respectfully submitted,[1]

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).